## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHEL PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV685 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CONTRACTOR LABOR, Local 1140, | ) | |
| TOM MERCER, and SEAN FLOWERS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion for an Order to Subpoena Nebraska Equal Opportunity (NEOC) records (Filing No. 24), and the defendants' Objection to the plaintiff's motion (Filing No. 25).

## BACKGROUND

The plaintiff has asserted claims against the defendants for wrongful termination. On January 3, 2007, the plaintiff filed a Motion for an Order allowing the plaintiff to subpoena the NEOC record (Filing No. 16). The court denied the plaintiff's motion as premature (Filing No. 21). On February 20, 2007, the plaintiff reasserted his motion (Filing No. 24). The plaintiff's proposed subpoena will request the production of:

> (1) Copies of all written reports submitted to and from Nebraska Equal Opportunity Commission (NEB 2-04/05-1-35149/R, NEB 2-04/05-1-35150-R);
> (2) Copies of all taped reports submitted to the Nebraska Equal Opportunity Commission (NEB 2-04/05-1-35149/R, NEB 2-04/05-1-35150-R), which is the subject matter of the Complaint filed herein.

On February 21, 2007, the defendants filed an Objection to the Motion citing procedural defects in the plaintiff's motion, and arguing that 42 U.S.C. 2000(e)-5(b) prohibits the discovery of the NEOC records by stating "[n]othing said or done during and as part of such informal endeavors (the processing of the EEOC charge) may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of persons concerned." (Filing No. 25). In the

alternative, the defendants request a court order barring the use of the documents contained in the NEOC records in any proceeding herein under Fed. R. Civ. P. 26(c) and NECivR 45.1(d).

## LEGAL ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure, governing the scope of discovery, provides:

> In General.   Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . .   For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.   Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.   All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

Discovery rules are to be "broadly and liberally construed" in order to serve the purpose of discovery, which is to provide the parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.  *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 145 F.R.D. 92, 94 (S.D. Iowa 1992).

In general, "[a] motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."  *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995); **see also** *Hunt Int'l Resources Corp. v. Binstein*, 98 F.R.D. 689 (N.D. Ill. 1983); *Minnesota Sch. Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627 (D. Minn. 1999).

The defendants' objections to the plaintiff's proposed subpoena are based on the defendants' assertion that 42 U.S.C. 2000 (e)-5(b) prohibits the plaintiff's discovery of the NEOC file.  The defendants, however, have not asserted or demonstrated any personal right or privilege with respect to the subject matter of the plaintiff's subpoena, nor have they shown that the recipients of the subpoena are somehow unable to assert their own interests in this matter.

2

Therefore, because the defendants have failed to demonstrate any personal right or privilege with respect to the subject matter of the proposed subpoena, the defendants' objection is denied.  The Commission, of course, remains free to raise any objections it may have to the subpoena.  **See** Fed. R. Civ. P. 45(c).  With respect to the defendants' request that the court issue an order barring the use of the NEOC information in any subsequent proceedings, the court finds this request premature.  Upon consideration,

**IT IS ORDERED:**

1.     The defendant's Objection to the plaintiff's Motion for a Subpoena (Filing No. 25) is denied.

2.     The plaintiff's Motion for an Order to Subpoena Nebraska Equal Opportunity (NEOC) records (Filing No. 24) is granted.  The Clerk of Court shall provide the plaintiff a blank subpoena, which the plaintiff shall complete before service.

3.     The plaintiff shall review Fed. R. Civ. P. 45, which is attached to this Order, and follow Rule 45 with regards to completion of the subpoena and service of process.

4.     After completion of the subpoena, the plaintiff shall return the subpoena to the Clerk of Court for issuance by the Clerk of Court and service by the U.S. Marshal.

5.     The Clerk of Court shall send a copy of this Order to the plaintiff at his last known address.

DATED this 22nd day of February, 2007.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge

3

# Federal Rules of Civil Procedure Rule 45

Rule 45. Subpoena

    (a)        Form; Issuance.

           (1)       Every subpoena shall

                  (A)      state the name of the court from which it is issued; and

                  (B)      state the title of the action, the name of the court in which it is pending, and its civil action number; and

                  (C)      command each person to whom it is directed to attend and give testimony or to produce and permit inspection, copying, testing, or sampling of designated books, documents, electronically stored information, or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified; and

                  (D)      set forth the text of subdivisions (c) and (d) of this rule.

A command to produce evidence or to permit inspection, copying, testing, or sampling may be joined with a command to appear at trial or hearing or at deposition, or may be issued separately.  A subpoena may specify the form or forms in which electronically stored information is to be produced.

           (2)       A subpoena must issue as follows:

                  (A)      for attendance at a trial or hearing, from the court for the district where the trial or hearing is to be held;

                  (B)      for attendance at a deposition, from the court for the district where the deposition is to be taken, stating the method for recording the testimony; and

                  (C)      for production, inspection, copying, testing, or sampling, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

           (3)       The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service.  An attorney

as officer of the court may also issue and sign a subpoena on behalf of

    (A)    a court in which the attorney is authorized to practice; or

    (B)    a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice.

(b)    Service.

    (1)    A subpoena may be served by any person who is not a party and is not less than 18 years of age.  Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law.  When the subpoena is issued on behalf of the United States or an officer or agency thereof, fees and mileage need not be tendered.  Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b).

    (2)    Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, inspection, copying, testing, or sampling specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition, hearing, trial, production, inspection, copying, testing, or sampling specified in the subpoena.  When a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other place.  A subpoena directed to a witness in a foreign country who is a national or resident of the United States shall issue under the circumstances and in the manner and be served as provided in Title 28, U. S.C. § 1783.

    (3)    Proof of service when necessary shall be made by filing with the clerk of the court by which the subpoena is issued a statement of the date and manner of service and of the names of the persons served, certified by the person who made the service.

(c)    Protection of Persons Subject to Subpoenas.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)    (A)    A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

       (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises -- or to producing electronically stored information in the form or forms requested.    If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

              (i)    fails to allow reasonable time for compliance;

              (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this

3

rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv)     subjects a person to undue burden.

(B)     If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena.

(1)     (A)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B)     If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

4

(C)   A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D)   A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).   The court may specify conditions for the discovery.

(2)   (A)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B)   If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e)   Contempt.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

5