## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHEL PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV685 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CONTRACTOR LABOR, Local 1140, | ) | |
| TOM MERCER, and SEAN FLOWERS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants' Motion for Partial Summary Judgment and for dismissal under Rule 12(b) (Filing No. 15). The plaintiff, Michel Payne, did not file a response to the defendants' motion. In his complaint, Payne asserts claims of unlawful employment discrimination and retaliation. In the defendants' motion for partial summary judgment, they ask this court to dismiss: (1) those parts of the complaint that allege discriminatory action by Contractors & Laborers Training & Apprentice Program; (2) those parts of the complaint that allege discriminatory action by Thomas Marksick and/or Sean Flowers; (3) those parts of the complaint that allege acquiescence by the Union in the actions of Payne's employer, Peter Kiewit Co., (Kiewit) and/or other employers; and (4) the retaliation claims against the Union defendant.

After reviewing the pleadings, the briefs, and the evidentiary materials filed by the parties, for the reasons explained below, the court finds and concludes that the motion for partial summary judgment should be granted in part and denied in part.

**FACTUAL BACKGROUND**

Payne was a member of the Contractor Labor Local 1140. Payne was accepted to participate in the Contractors & Laborers Training & Apprentice Program (Training Fund) (Filing No. 15, Exh. A). The defendants describe the Training Fund as a trust which as a matter of Labor Law must be composed of equal numbers of management and labor trustees (Filing No. 15). The individual defendants, Tom Mercer a/k/a Tom Merksick (Merksick) and Sean Flowers, are agents of the Contractor Labor Local 1140 and were

appointed by the Union (Filing No. 15, Aff. David Hayes at ¶ 16).  Merksick is also a Trustee of the Training Fund.  *Id.* at ¶ 17.

Payne states in his complaint that on October 6, 2004 that he contacted the Union and talked with Tammie Tietsort of the Training Fund and Merksick, business manager for the Union (Filing No. 1).  Merksick informed him that Kiewit did not want Payne to come back to work for Kiewit because Payne made complaints regarding his lay-off (Filing No. 1).  Payne states that after expressing concerns about "their discriminatory practices in regard to my lay-off" the union began offering Payne menial jobs as a form of retaliation (Filing No. 1).  Payne contends he was overlooked when Kiewit requested additional laborers because he made complaints regarding his layoff "so the union retaliated against me because of the airing of these concerns" (Filing No. 1).  On October 26, 2004, at a Training Fund meeting, Payne was asked by the Board of Trustees to be present to discuss the number of jobs Payne turned down, and the issue of Payne agreeing to take jobs and then not attending the job after completing training classes (Filing No. 15, Exh. B).  Payne was told that in order to remain in the Apprenticeship Training Fund Program, Payne must accept the next job offered (Filing No. 15 Exh. B).  On November 12, 2004, Payne was given notice that he was terminated from the Apprenticeship program for failure to accept the next available job opportunity he was offered on November 11, 2004 (Filing No. 15 Exh. C).

On February 24, 2005, Payne filed a charge of discrimination with the Nebraska Equal Opportunity Commission (NEOC) and the Equal Employment Opportunity Commission (EEOC) naming the "employer, labor organization, employment agency, apprenticeship committee, state and local government" who he alleges discriminated against him (Filing No. 15, Exh. D).  The NEOC charge then specifically named Contractor Labor Local 1140 as the respondent in the action.  *Id.*  In the charge, Payne claims that the respondent failed to represent him, and sent him a letter stating that he must take the next assignment offered or he would be removed from the apprenticeship program.  *Id.*  Payne claimed this was unlawful discrimination on the basis of his age, race/color, sex and retaliation in violation of the ADEA, Title VII of the Civil Rights Act of 1964, and the Nebraska Fair Employment Practice Act (NFEPA).  *Id.*  Specifically, Payne alleged that the

respondent only offered him demeaning jobs because of his race, age and because he complained that Kiewit discriminated against him.  *Id.*

## LEGAL ANALYSIS

**Standard of Review**

Under Fed. R. Civ. P. 56, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." **Fed. R. Civ. P. 56(c)**; *Harder v. ACandS*, 179 F.3d 609, 611 (8th Cir. 1999).  "In making this determination, the function of the court is not to weigh evidence and make credibility determinations, or to attempt to determine the truth of the matter, but is, rather, solely, to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).  The court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'"  *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (**quoting** *Anderson*, 477 U.S. at 248).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.  **See** *Tenbarge v. Ames Taping Tool Sys., Inc.*, 128 F.3d 656, 657-58 (8th Cir. 1997). Accordingly, a party moving for summary judgment must "set forth in the brief in support of the motion for summary judgment a separate statement of each material fact as to which the moving party contends there is no genuine issue to be tried and as to each shall identify the specific document or portion thereof or discovery response or deposition testimony . . . which it claims established the fact."  **NELR 56.1(a)**.

### 1. *Discriminatory Action by Training Fund*

In the defendants' first claim they ask this court to dismiss those parts of the complaint that allege discriminatory action on the part of the Training Fund. However, the defendants do not specify what parts of the complaint they believe allege discriminatory action on the part of the Training Fund. The defendants do argue that Payne failed to exhaust his administrative remedies as to his claims against the Training Fund, because he did not name the Training Fund as a party in the EEOC charge. Furthermore, the defendants argue that there is not a substantial identity between the Union and the Training Fund.

Generally, a plaintiff must have filed a charge of discrimination with the EEOC against a party prior to bringing a civil action under Title VII. **Sedlacek v. Hach**, 72 F.2d 333, 336 (8th Cir. 1985). "[T]he purpose of the filing requirement is to give notice to the employer and to give the employer an opportunity to voluntarily comply with Title VII." **Greenwood v. Ross**, 778 F.2d 448, 451 (8th Cir. 1985). The Eighth Circuit, however, has long recognized certain exceptions to the general rule in order to avoid frustration of the purpose of Title VII by not requiring unnecessarily strict compliance with the statutory procedure in filing a charge of discrimination. **Sedlacek**, 72 F.2d at 336, **Greenwood**, 778 F.2d at 451. Thus, "omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII." **Greenwood**, 778 F.2d at 451.

The exceptions recognized by the Eighth Circuit are (1) when the party not named in the EEOC charge had adequate notice and opportunity to participate in the EEOC procedure and (2) when there is a substantial identity between the named party and the unnamed party. **Sedlacek**, 72 F.2d at 336. The Eighth Circuit has concluded that when there is substantial identity between the parties, notice to one can be considered notice to the other. *Id*; **see also Greenwood v. Ross**, 778 F.2d 448, 450-51 (8th Cir.1985) ("A suit is not barred 'where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation.'" **quoting Romero v. Union Pac. R.R.**, 615 F.2d 1303, 1311 (10th Cir.1980)); **Eggleston v. Chicago Journeymen**

***Plumbers Local Union No.*** 657 F.2d 890, 907 (7th Cir. 1981) ("if a party has a close relationship with a named respondent . . . and has actual notice of the EEOC charge [that party] 'should not be heard to cry "foul" when later made a defendant'" (citations omitted)).

Here, the court is persuaded that the Training Fund had ample notice of the EEOC complaint and the charges against the Training Fund contained in the complaint. The EEOC complaint stated that it was against the "employer, labor organization, employment agency, apprenticeship committee, state and local government." Thus, Payne made it clear that he wished to name the Training Fund as a party to its EEOC charge. Furthermore, the allegations in the charge described the actions of the Training Fund as discriminatory. And in fact, business representatives of the union, including David Hayes the supervisor of the Union, who clearly had knowledge of the EEOC charge, were Trustees of the Training Fund. Therefore, Trustees of the Training Fund were aware or should have been aware of the allegations against the Training Fund in the EEOC charge and could have engaged in the EEOC proceedings. Indeed, as the court stated in ***Eggleston***, where the court found that a Union Apprenticeship Program had received sufficient notice of an EEOC complaint and opportunity to conciliate:

> [A]s soon as the JAC had notice of the charge, either through its Local 130 members or through the JAC coordinator, nothing prevented it from attempting to resolve the alleged discrimination in an amicable manner. Any opportunity to effect voluntary compliance of Local 130 by the EEOC would have necessarily involved contact with the JAC, its coordinator, and its other members.

657 F.2d at 907. The same is true in this case. Therefore, the charges against the Training Fund will not be dismissed and the court will grant Payne twenty days from the date of this Order to amend his complaint to include the Training Fund as a defendant to this action.

*2. Discriminatory Action by Thomas Marksick and/or Sean Flowers*

Next, the defendants argue that Thomas Merksick and Sean Flowers cannot be held liable in their individual capacity under Title VII or under the NFEPA.

5

Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Summary judgment may be entered in a Title VII action "if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." **Brower v. Runyon**, 178 F.3d 1002, 1005 (8th Cir. 1999). "Nebraska courts look to federal decisions when construing the NFEPA because the NFEPA is patterned after Title VII." **See, e.g.**, **Malone v. Eaton Corp.**, 187 F.3d 960, 962 n.3 (8th Cir. 1999) (sex discrimination under Title VII and NFEPA).

As the defendants argue, the Eighth Circuit "has squarely held that supervisors may not be held individually liable under Title VII." **Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist.**, 121 F.3d 446, 447 (8th Cir. 1997) (**citing Spencer v. Ripley County State Bank**, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)). Therefore, the Title VII and NEFPA claims against Marksick and Flowers are dismissed.

However, Payne did not reply to the defendants' summary judgment motion, and from Payne's complaint it is difficult to discern on what basis he is raising claims against Marksick and Flower. Furthermore, because the parties did not jointly complete the Rule 26 report, the court is unable to take the identification of claims from this report. Accordingly, the court is unable to determine whether Payne is asserting any other claims against the individual defendants Marksick and Flowers. Before dismissing the individual defendants as parties to the case, the court will give Payne twenty days from the date of this Order to amend his complaint to clearly allege whether he is raising any additional claims against the individual defendants. In the absence of a response from Payne the individual defendants will be dismissed from this case.

3. *Claims Against Kiewit*

The defendants next argue that "the Union cannot be held liable as claimed under the Complaint for the alleged discrimination" of Kiewit.[1]

A labor organization is liable for an employer's discrimination in the workplace if it causes or attempts to cause the employer to discriminate, § 2000e-2(c)(3); or if the union "purposefully acts or refuses to act in a manner which prevents or obstructs a reasonable accommodation by the employer," **Carter v. Chrysler Corp.**, 173 F.3d 693, 703-04 (8th Cir. 1999); or if the union "pursue[s] a policy of rejecting disparate-treatment grievances" meant to vindicate employee rights protected by Title VII. **Goodman v. Lukens Steel Co.**, 482 U.S. 656, 669 (1987). When analyzing claims under Title VII the Eighth Circuit has held that "[t]hough the Unions were prohibited from causing or assisting unlawful discrimination by [plaintiff's] employer, nowhere in either statute do we find language imposing upon unions an affirmative duty to investigate and take steps to remedy employer discrimination." **Thorn v. Amalgamated Transit Union**, 305 F.3d 826, 833 (8th Cir. 2002).

Here, Payne's complaint does not allege that the Union caused or assisted in causing discrimination on the part of Kiewit; rather, Payne alleges that after complaining about being laid off by Kiewit, the Union retaliated by only offering him menial jobs. In fact, Payne does not even allege that the Union was aware of any discriminatory conduct on the part of Kiewit. Therefore, Payne has failed to allege conduct on the part of the Union that would allow the Union to be liable for the discriminatory acts of Kiewit and the defendants' motion is granted on this claim.

4. *Claims of Retaliation*

Finally, the defendants argue that Payne has failed to establish a prima facie case of retaliation against the Union. Specifically, defendants argue that Payne was not an employee of the Union, and the Union took no adverse action on its own against Payne in

---

[1] The defendants also appear to be arguing that the Union cannot be held liable for the actions of the Training Fund. But because the court is granting plaintiff leave to amend his complaint to add the Training Fund as a party this issue is moot.

following the uniform apprentice job referral rules and the Training Fund's termination actions.

The defendants arguments here appear to be twofold. First, Payne cannot sue the Union for retaliation because the Union is not an employer of Payne and it did not acquiesce in any employment discrimination by Payne's employer. Second, any alleged adverse action taken against Payne was the result of actions taken by the Training Fund, not the Union.

Pursuant to 42 U.S.C. 2000e-3, a labor organization is prohibited from discriminating against a member under Title VII. Therefore, to establish a prima facie case of discriminatory retaliation against the union, Payne must establish: (1) that [he] engaged in protected conduct, (2) that [Contractor Laborer Local 1140] took adverse action against [him], and (3) that the adverse action was linked to the protected conduct. ***Martin v. Local 1513 and District 118 of the Intl. Assoc. of Machinists and Aerospace Workers***, 859 F.2d 581, 585 (8th Cir. 1988); ***Kellner v. General Refractories Co.***, 631 F. Supp. 939, 944 (N.D. Ind.1986). **See also** *Gunther v. County of Washington*, 623 F.2d 1303 (9th Cir.1979), **aff'd**, 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981).

A review of Payne's complaint shows that he alleges: (1) that Kiewit retaliated against him and did not want to hire Payne back because he made complaints regarding his lay off; and (2) that the Union retaliated against Payne by offering Payne menial jobs after he expressed concerns about their discriminatory practices in regard to Payne's lay off.

The court agrees that there is no allegation that the Union actively assisted Kiewit in retaliating against Payne, and therefore, the Union cannot be held liable for any discriminatory retaliation by Kiewit. However, based on the record currently before the court, because the actions of the Training Fund and the actions of the Union are so interrelated there are genuine issues of material facts as to Payne's second claim of retaliation and it can go forward.

**IT IS ORDERED:**

1. The defendants' motion for partial summary judgment (Filing No. 15) is granted in part and denied in part.

    a. The motion is granted with regard to the Title VII and NFEPA claims against the individual defendants Merksick and Flowers are dismissed, and any claims that the Union acquiesced in the discriminatory and retaliatory actions of Kiewit are dismissed.

    b. The motion is denied in all other respects because Payne did not fail to exhaust administrative remedies against the Training Fund, and Payne's claim of discriminatory retaliation against the Union may go forward on the theory that the Union offered Payne menial employment in retaliation for Payne expressing concerns about discriminatory practices by the Union and the Training Fund in regards to his lay off.

2. Payne shall have to **on or before May 10, 2007**, to amend his complaint to include the Training Fund as a party to this action. Additionally, if the plaintiff wishes to include separate claims against the individual defendants, which are not inconsistent with this order, the plaintiff should include such claims in the amended complaint with the basis for such claims against the individual defendants, otherwise the individual defendants will be dismissed as parties to this action.

3. The Clerk of Court is instructed to send a copy of this Memorandum and Order to Payne at his last known address.

DATED this 18th day of April, 2007.

                                        BY THE COURT:

                                        s/Thomas D. Thalken
                                        United States Magistrate Judge