**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **MICHEL PAYNE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:06CV685** |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| **CONTRACTOR LABOR LOCAL 1140,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the defendant's motion *in limine* (Filing No. 45) and motion to compel (Filing No. 46). The defendant did not file separate briefs or any evidence in support of either motion.[1] The defendant seeks an order excluding "all tapes and copies of all NEOC/EEOC files/tapes requested in Exhibits 101 and 102" as evidence to be used at trial in this matter. **See** Filing No. 45. In the alternative, the defendant seeks an order compelling the plaintiff to produce the files and tapes or be subject to sanctions including the exclusion of the evidence during the discovery process or at trial. **See** Filing No. 46. The plaintiff did not file a brief in response to the motions.

The defendant contends the plaintiff was required to produce the requested files and tapes pursuant to the Federal Rules of Civil Procedure 26(a)(1) and 34, and the defendant's discovery requests. **See** Filing No. 31 (Plaintiff's Initial Disclosures), 35 (Exhibits 101 and 102). During the May 25, 2007 planning conference, the plaintiff agreed to produce the files and tapes by June 1, 2007. The defendant's motions state the files and tapes were not produced by June 2, 2007. There is no evidence in the record that the plaintiff has since produced the requested discovery.[2]

---

[1] The court reminds counsel for the defendant all filings should comply with the local rules, which specifically require the a party to file as separate filings a brief and any index of evidence containing evidence in support of the motion. **See** NECivR 7.1.

[2] Upon serving discovery, the producing party shall file with the Clerk of Court a certificate of service as proof of the response to a Request for Production. **See** NECivR 34.1.

## ANALYSIS

The defendant seeks to exclude evidence pursuant to Federal Rule of Civil Procedure 37(d), which provides:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d).

Upon finding a party failed to comply with discovery obligations, Rule 37(b)(2) allows a court to prohibit "that party from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(C). The court finds evidence in the record that counsel for the defendant did confer with the plaintiff about the discovery prior to filing the motion. Additionally, the defendant made proper service of the request for production. However, the court finds it is premature, at this time, to grant the defendant's motion *in limine* to exclude the subject evidence from trial. The discovery period is ongoing and trial is not scheduled until January 2008. The court will consider other sanctions for the plaintiff's failure to produce the requested discovery, as discussed below.

The defendant's motion to compel was filed pursuant to Rule 37(a), which provides:

> A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:
>
> * * *
>
> (2) Motion.
> (A)   If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.
> (B)   If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. . . .

Fed. R. Civ. P. 37(a).

The plaintiff was on notice of his obligation to produce the requested files and tapes by virtue of Federal Rule of Evidence 26(a)(1)(b) and 34. In any event, the plaintiff indicated his awareness of the obligation to produce the requested materials during the May 25, 2007 planning conference with the undersigned magistrate judge. Accordingly, the court will grant the defendant's motion to compel production of all tapes and copies of all NEOC/EEOC files/tapes requested in Exhibits 101 and 102, as discussed during the May 25, 2007 planning conference.

Additionally, pursuant to Rule 37(a)(4), when a motion to compel discovery is granted, the moving party may be entitled to an award for the reasonable expenses incurred in making the motion to compel. Rule 37(a)(4) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the

>  moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A); **see also** Fed. R. Civ. P. 37(c).

Since the defendant's motion to compel is granted based on the plaintiff's conduct in failing to produce the requested discovery, the court will allow the plaintiff an opportunity to provide justification for the conduct. If an award of expenses would be unjust or the plaintiff's conduct was legally and substantially justified, no award of expenses will required. "Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule." Charles A. Wright, et al., FEDERAL PRACTICE & PROCEDURE § 2288 (2d ed. 1994). Additionally, on many occasions, "the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court." **See** Fed. R. Civ. P. 37(a)(4) Advisory Committee Notes (1970). In addition to the sanctions which may be awarded pursuant to Rule 37(a)(4), failure to comply with this court's order may result in additional sanctions against the plaintiff including dismissal of the plaintiff's lawsuit. **See** Fed. R. Civ. P. 37(b)(2). Upon consideration,

**IT IS ORDERED:**

1. The defendant's motion *in limine* (Filing No. 45) is denied.
2. The defendant's motion to compel (Filing No. 46) is granted.
3. The plaintiff shall have to **on or before July 20, 2007**, to produce copies of all files and tapes listed in his Rule 26(a)(1) initial disclosures and those requested by the defendant. After completing production, the plaintiff shall file a certificate of service with the Clerk of Court as evidence of his compliance with this order, pursuant to NECivR 34.1.
4. The plaintiff shall have to **on or before July 20, 2007**, to show cause why the defendant should not be awarded reasonable expenses associated with filing the motion

to compel the plaintiff's compliance with this discovery obligation.  The showing of cause may be made by filing a brief with the Clerk of Court.  The brief should include an explanation for the reasons the plaintiff failed to timely produce the discovery sought and/or any reason why an award of reasonable expenses would be unjust.

DATED this 10th day of July, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

5