**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

MICHEL PAYNE,                                )
                                             )
              Plaintiff,             )                    8:06CV685
                                             )
     v.                              )
                                             )                    **ORDER**
CONTRACTOR LABOR LOCAL 1140,                 )
                                             )
             Defendant.             )

    This matter is before the court *sua sponte* on the court's July 10, 2007 order to show cause (Filing No. 55).  In the July 10, 2007 order, the court directed the plaintiff to show cause why sanctions should not be imposed for the failure to provide any response to discovery requests, after the plaintiff agreed to provide the requested discovery.  **See** Filing No. 55.  The plaintiff was given an opportunity to provide the requested discovery and to show cause why sanctions should not be imposed by July 20, 2007.  The plaintiff has not filed a response to date.

    Fed. R. Civ. P. 37(a)(4)(A) provides:

> If the motion [to compel] is granted . . . **the court shall, after affording an opportunity to be heard, require the party** or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them **to pay to the moving party the reasonable expenses incurred in making the motion**, including attorney's fees, unless the court finds . . . that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

    The plaintiff's failure to provide discovery required the defendant to file a motion to compel.  The plaintiff has had a reasonable opportunity to provide justification for the failure to respond to the discovery requests.  The plaintiff has failed to provide any justification for the failure to respond.  Further, there is no evidence in the record that the plaintiff has provided the subject discovery.  Accordingly, the court finds the defendant should be granted reasonable expenses for filing the June 5, 2007 motion to compel (Filing No. 46).  **See** Fed. R. Civ. P. 37(a)(4).  Upon consideration,

**IT IS ORDERED:**

1.      The defendant is awarded its reasonable costs and attorney's fees in bringing the June 5, 2007 motion to compel (Filing No. 46).

2.      The plaintiff and counsel for the defendant shall confer about a reasonable amount to be awarded and, if there is agreement, shall file **on or before August 22, 2007,** a stipulation of the costs and fees to be awarded.  In the event the parties fail to reach an agreement, the defendant may file **on or before August 27, 2007,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.4.  The plaintiff shall have **until on or before September 13, 2007,** to respond to the defendant's application.  Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

3.      The plaintiff shall have to **on or before August 22, 2007**, to respond to the defendant's July 30, 2007 Motion for Summary Judgment (Filing No. 56).

DATED this 31st day of July, 2007.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge

2