IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHEL PAYNE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:06CV685** |
| v. | ) | |
| | ) | **ORDER** |
| **CONTRACTOR LABOR LOCAL 1140,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on defendant's Motion For Summary Judgment Of Dismissal For Failure To Name An Indispensable Party and Brief (Filing No. 44) and Motion for Summary Judgment (Filing No. 56). The defendants filed a brief (Filing No. 57) and an index of evidence (Filing No. 58) in support of the Motion for Summary Judgment (Filing No. 56). The plaintiff filed a brief (Filing No. 70) and index of evidence (Filing No 70) in opposition to defendant's Motion for Summary Judgment (Filing No. 56). The defendant filed a reply brief (Filing No. 71).

**FACTUAL BACKGROUND**

The plaintiff was a member of the Contractor Labor Local 1140. The plaintiff was accepted to participate in the Contractors & Laborers Training & Apprentice Program (Training Fund) (Filing No. 15, Exh. A). The Training Fund is described as a trust, which as a matter of Labor Law must be composed of equal numbers of management and labor trustees (Filing No. 15). The plaintiff states in his complaint that on October 6, 2004 that he contacted the Union and talked with Tammie Tietsort of the Training Fund and Merksick, business manager for the Union (Filing No. 1). Merksick informed the plaintiff that Kiewit did not want the plaintiff to come back to work for Kiewit because the plaintiff made complaints regarding his lay-off (Filing No.1). The plaintiff states that after expressing concerns about "their discriminatory practices in regard to my lay-off," the union began offering the plaintiff menial jobs as a form of retaliation (Filing No. 1). The plaintiff contends he was overlooked when Kiewit requested additional laborers because he made complaints regarding his layoff "so the union retaliated against me because of the airing of these concerns" (Filing No. 1). On October 26, 2004, at a Training Fund meeting, the

plaintiff was asked by the Board of Trustees to be present to discuss the number of jobs the plaintiff turned down and the issue of the plaintiff agreeing to take jobs and then not attending the job after completing training classes (Filing No. 15, Exh. B). The plaintiff was told that in order to remain in the Apprenticeship Training Fund Program, the plaintiff must accept the next job offered (Filing No. 15 Exh. B). On November 12, 2004, the plaintiff was given notice that he was terminated from the Apprenticeship program for failure to accept the next available job opportunity he was offered on November 11, 2004 (Filing No. 15, Exh.C). On February 24, 2005, the plaintiff filed a charge of discrimination with the Nebraska Equal Opportunity Commission (NEOC) and the Equal Employment Opportunity Commission (EEOC) naming the "employer, labor organization, employment agency, apprenticeship committee, state and local government" who he alleges discriminated against him (Filing No. 15, Exh. D). The NEOC charge then specifically named Contractor Labor Local 1140 as the respondent in the action. *Id*. In the charge, the plaintiff claims the respondent failed to represent him, and sent him a letter stating that the plaintiff must take the next assignment offered or the plaintiff would be removed from the apprenticeship program. *Id*. The plaintiff claimed this was unlawful discrimination on the basis of his age, race/color, sex and retaliation in violation of the ADEA, Title VII of the Civil Rights Act of 1964, and the Nebraska Fair Employment Practice Act (NFEPA). *Id*. Specifically, the plaintiff alleged the respondent only offered him demeaning jobs because of his race, age and because he complained Kiewit discriminated against him. ***Id.***

## PROCEDURAL BACKGROUND

On November 1, 2006, the plaintiff filed a complaint against the defendant alleging retaliation because the plaintiff made complaints regarding his layoff from Peter Kiewit. **See** Filing No. 1. On January 4, 2007, the defendant filed a Motion For Partial Summary Judgment and For Dismissal Under Rule 12(b) and Brief (Filing No. 15). On April 18, 2007, the court granted in part and denied in part the defendant's motion for summary judgment. **See** Filing No. 33. The motion was granted with regard to the Title VII and NFEPA claims against defendants Merksick and Flowers. **See *Id***. The motion was denied in all other respects because the plaintiff did not fail to exhaust administrative remedies against the

Training Fund. *Id*. The court allowed the plaintiff's claim of retaliation against the Union to go forward on the theory the Union offered the plaintiff menial employment in retaliation for the plaintiff expressing concerns about discriminatory practices by the Union and the Training Fund in regards to the plaintiff's layoff. *Id*. The court ordered the plaintiff to amend his complaint on or before May 10, 2007 to include the Training Fund. *Id*. Additionally, the court allowed the plaintiff to include separate claims against the individual defendants in the amended complaint, otherwise the individual defendants would be dismissed as parties to the action. *Id*. The plaintiff did not amend his complaint to include the Training Fund or any separate claims against the individual defendants. On May 29, 2007, the defendant filed a Motion For Summary Judgment Of Dismissal For Failure To Name and Indispensable Party and Brief (Filing No. 44). In its motion, the defendant claims the Training Fund is an indispensable party in the present lawsuit. **See** *Id*. On June 21, 2007, this court ordered the plaintiff to respond to the defendant's motion for summary judgment on or before August 21, 2007. **See** Filing No. 51. On July 30, 2007, the defendant filed a second motion for judgment addressing the plaintiff's retaliation claims against the union (Filing No. 56). The defendant seeks its second motion for summary judgment on 7 bases:

> (1) The Union did not discriminate against the plaintiff in assigning jobs from the hiring hall list because the Union followed the hiring hall rules in a uniform and non-discriminatory fashion;(2) The Union did not discriminate in assigning work as the jobs the apprentices do are selected solely by the employer;(3) The Union took no adverse employment action against the plaintiff;(4) The Union did not refuse to represent the plaintiff at any appeal or grievance because the plaintiff never appealed to the Training Fund action nor grieved any employer action;(5) The Union did not breach its duty of fair representation to the plaintiff; (6) The plaintiff refused to mitigate his damages in direct violation of the Apprentice Indenture (contract) which requires the apprentice to accept assigned jobs;(7) The plaintiff has not proven that the Union retaliated against him or discriminated against him as a result of his race, national origin, or age or any other basis under Title VII or that the Union has violated any of the plaintiff's civil rights.

**See** Filing No. 56.  The defendant filed a brief and index in support of the motion (Filing Nos. 57 and 58).

On July 31, 2007, this court ordered that the plaintiff shall have on or before August 22, 2007, to respond to the defendant's July 30, 2007, Motion For Summary Judgment (Filing No. 56).  On August 17, 2007, the plaintiff filed Plaintiff's Brief in Opposition To Defendant's Motion For Summary Judgment (Filing No. 56) (Filing No. 69) and an index of evidence in support of the brief (Filing No. 70).

## ANALYSIS

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  **See** Fed. R. Civ. P. 56(c); ***McAllister v. Transamerica Occidental Life Ins. Co.***, 325 F.3d 997, 999 (8th Cir. 2003).  When making this determination, a court's function is not to make credibility determinations and weigh evidence, or to attempt to determine the truth of the matter; instead, a court must "determine whether there is a genuine issue for trial."  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 249 (1986).  "An issue of material fact is genuine if it has a real basis in the record."  ***Hartnagel v. Norman***, 953 F.2d 394, 395 (8th Cir. 1992) (**citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.***, 475 U.S. 574, 586-87 (1986)).  A court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'"  ***Dulany v. Carhahan***, 132 F.3d 1234, 1237 (8th Cir. 1997) (**quoting *Anderson***, 477 U.S. at 248).

Summary judgment is proper when the plaintiff fails to demonstrate the existence of a factual dispute with regard to each essential element of his claim.  ***Bialas v. Greyhound Lines, Inc.***, 59 F.3d 759, 762 (8th Cir. 1995).  "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and [the rule] should be interpreted in a way that allows it to accomplish this purpose."  ***Celotex Corp. v. Catrett***, 477 U.S. 317, 323-24 (1986).  A party seeking

summary judgment bears the responsibility of informing the court "of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." **Tenbarge v. Ames Taping Tool Sys., Inc.**, 128 F.3d 656, 657 (8th Cir. 1997) (**quoting Celotex**, 477 U.S. at 325 (noting that the movant must show "there is an absence of evidence to support the nonmoving party's case.")).  Under this court's local rules:

> The moving party shall set forth in the brief in support of the motion for summary judgment a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law.

**See** NECivR 56.1(a)(1).

### A. The Defendant's Motion For Summary Judgment (Filing No. 44)

The defendant requests this court to grant its motion for summary judgment because the defendant claims the plaintiff failed to name the Training Fund as an indispensable party.  The defendant argues the Training Fund is an indispensable party to this action because the Training Fund is a separate entity that terminated the plaintiff and the Union had no power or authority to do so.  **See** Filing No. 44.  The defendant claims the only entity responsible for the apprentice program is the Training Fund.  **See Id**.  The defendant argues the Union's responsibility is to administer the hiring hall for apprentices in accordance with the Training Fund rules and the Union is not liable for the actions of the Training Fund because it did not instigate the termination.  **Id**.

Additionally, the defendant relies on **Thorn v. Amalgamated Transit Union Local 1055**, 305 F. 3d 826, 832-833 (8th Cir.,2002) for the proposition that the law does not impose a duty on the part of the Union to investigate and remedy a third party's discriminatory acts whether the acts are the employer's acts or the Training Fund's acts because the Union is a separate entity.  **See** Filing No. 44.  The defendant further claims that even if the Union had such a duty, there is no evidence the Union breached its duty by acting in a discriminatory fashion and subsequently causing the plaintiff's termination because the plaintiff caused his own termination.  **See Id**.

5

Pursuant to Rule 19(a) of the Federal Rules of Civil Procedure,

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a) (2000).  Additionally,

> If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b) (2000).  Based on the evidence, this court has already held that the "actions of the Training Fund and of the Union are so interrelated there are genuine issues of material facts as to Payne's second claim of retaliation [against the union]."  **See** Filing No. 33.  Accordingly, this court determined the Training Fund should be joined as a necessary party and ordered the plaintiff to amend his complaint to include the Training Fund.  **See** Filing No. 33.  However, the plaintiff failed to amend his complaint to include

6

the Training Fund.  Once this court determined the Training Fund was necessary to this action under Fed. R. Civ. P. 19 (a), but was not made a party, the question then becomes under Fed. R. Civ. P. 19(b) whether the action in "equity" and "good conscience" should proceed among the parties without the Training Fund or should be dismissed.

The evidence before the court provides that the apprenticeship program is administered by the Training Fund and the plaintiff agreed to the rules of the Training Fund.  **See** Filing No. 15, Exs. 1 and B.  Further, on October 26, 2004, the plaintiff was informed at a meeting held by Training Fund that if he refused to follow the rules of the Standards of Apprenticeship, his agreement will be cancelled.  **See** Filing No 15, Ex. B.  Additionally, on November 12, 2004, the plaintiff was sent a letter by the Training Fund cancelling the plaintiff's participation from the Contractors-Laborers Apprenticeship Program.  **See** Filing No. 15, Ex. C.  The court finds the Training Fund played a major role in the termination of the plaintiff and judgment rendered in the absence of the Training Fund would unduly prejudice the Union.  The court can not find a way to lessen the possible prejudice to the Union other than requiring the plaintiff include the Training Fund as a party to this action, which was not done per the order of this court.  The court finds judgment would be inadequate in the Training Fund's absence.  Accordingly, the defendant's motion will be granted.

### B.  The Defendant's Motion For Summary Judgment (Filing No. 56)

The court does not need to review this motion in light of the above analysis and will deny this motion as moot.  Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion For Summary Judgment of Dismissal For Failure To Name an Indispensable Party and Brief (Filing No. 44) is granted.  The plaintiff's claim is dismissed without prejudice.

2. The defendant's Motion For Summary Judgment (Filing No. 56) is denied as moot.

      3.      The Clerk of Court is instructed to send a copy of this Memorandum and Order to the plaintiff at his last known address.

      DATED this 25th day of October, 2007.

                                                                          BY THE COURT:

                                                                          s/ Thomas D. Thalken
                                                                         United States Magistrate Judge